IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CV-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WAGUESPACK PROPERTY; INCLUDING THE **REAL PROPERTY** WITH ALL APPURTENANCES, IMPROVEMENTS, AND FIXTURES THERETO, AS DESCRIBED IN BOOK 4313, PAGE 767 OF THE CUMBERLAND COUNTY REGISTRY, CUMBERLAND COUNTY, NORTH CAROLINA, AND BEING TITLED IN THE NAME OF MICHAEL G. WAGUESPACK AND WIFE, BARBARA WAGUESPACK, (TRACT 1); IN BOOK 6377, PAGE 193 OF THE CUMBERLAND COUNTY REGISTRY, CUMBERLAND COUNTY, NORTH CAROLINA, AND BEING TITLED IN THE NAME OF MICHAEL G. WAGUESPACK (Tract 2); IN BOOK 5800, PAGE 725 OF THE CUMBERLAND COUNTY REGISTRY, CUMBERLAND COUNTY, NORTH CAROLINA, AND BEING TITLED IN THE NAME OF MICHAEL G. WAGUESPACK AND WIFE, BARBARA J. WAGUESPACK, (TRACT 3); and **CURRENCY** $996,937.37,$22,112 and 8,151 in U.S. CURRENCY, AND ANY AND ALL PROCEEDS FROM THE SALE OF SAID PROPERTY,<br><br>Defendant. | : | **COMPLAINT FOR FORFEITURE <u>IN REM</u>** |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action in rem brought to enforce the provision of 18 U.S.C. § 1955(d), providing for the forfeiture of

property used in an illegal gambling business in violation of 18 U.S.C. § 1955, to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) for the forfeiture of property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as well as property traceable to such property, and to enforce the provision of 18 U.S.C. § 981(a)(1)(C), providing for the forfeiture of property constituting or derived from proceeds traceable to violations of 18 U.S.C. § 1955 and § 1956.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue in this district is proper by virtue of 28 U.S.C. § 1395(b).

3. The defendant real and personal properties are located within the jurisdiction of this Court.

4. The defendant real property is located at 5902, 5904, and 5908 Pentagon Court, Hope Mills (Cumberland County), North Carolina, with all appurtenances and improvements thereon, as described at book 4313, page 767; book 5800, page 725 and book 6377, Page 193, of the Cumberland County Registry, Cumberland County, North Carolina, and as more particularly described in Exhibit A, B and C which is appended hereto.

5. The defendant real property was acquired by Michael Waguespack (or Michael Waguespack and wife Barbara Waguespack) on or about May 16, 1995, July 26, 2002, and December 11, 2003 (see attached deeds).

6. The defendant U. S. Currency was seized by the United States pursuant to searches of the residences and related business locations, including $996,939.37 seized in a series of safes and containers at 5908 Pentagon Court, $22,112 seized from video gaming machines located at Travelers (a/k/a Mo's) at 3209 Cedar Creek Road, and $8,151 seized from video gaming machines located at Draughon's Supermarket on Highway 24, all located in Cumberland County.

7. The facts and circumstances supporting the seizure and forfeiture of the defendants are contained in Exhibit D, the Affidavit of FBI Special Agent Timothy G. Gannon, which is attached hereto and incorporated herein by reference. The facts contained in the affidavit constitute probable cause for the forfeiture of the defendant.

8. The defendants are forfeitable to the United States pursuant to 18 U.S.C. §1955(d) and 1956, in they are properties used in an illegal gambling business as defined by 18 U.S.C. § 1955(b)(1) and proceeds of money laundering, traceable to illegal gambling activity.

WHEREFORE, the United States of America prays that a warrant of arrest <u>in rem</u> issue for the arrest of the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendants forfeited to the United States of

America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 26th day of May, 2006.

FRANK D. WHITNEY
United States Attorney

BY: ______________________
NEAL I. FOWLER
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821

VERIFICATION

I, Neal I. Fowler, Assistant United States Attorney for the Eastern District of North Carolina, declare under penalty of perjury, as provided by 28 U.S.C. Section 1746, the following:

That the foregoing Complaint for Forfeiture is based on reports and information furnished to me by Special Agent Timothy G. Gannon, Federal Bureau of Investigation, to the best of my information and belief, is true and correct.

This the 26th day of May, 2006.

Neal I. Fowler
Assistant United States Attorney
Civil Division



20318

BK4313PG0767

STATE OF NORTH CAROLINA Real Estate Excise Tax 164.00

081910

RECEIVED
95 MAY 17 PM 2:00
GEORGE E. TATUM
REGISTER OF DEEDS
CUMBERLAND CO., N.C.

Excise Tax $ $164.00

Recording Time, Book and Page

Tax Lot No. 140 Parcel Identifier No. 0404-63-3807
Verified by ____________ County on the ____ day of ____________, 19____
by ______________________________

Mail after recording to RAND & GREGORY, P.A., 1333 MORGANTON ROAD, SUITE 101, FAYETTEVILLE, NC 28305
This instrument was prepared by RANDY S. GREGORY

Brief Description for the index: LT. 140 TIMBERLAKE, SEC 4

# NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made May 16, 1995, by and between

| GRANTOR | GRANTEE |
|---|---|
| JOHN J. SIXTA AND WIFE, LISA SIXTA | MICHAEL G. WAGUESPACK AND WIFE, BARBARA WAGUESPACK<br>5904 PENTAGON COURT<br>HOPE MILLS, NC 28348 |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g., corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of , ROCKFISH Township, Cumberland County, North Carolina and more particularly described as follows:

BEING ALL OF LOT 140 IN A SUBDIVISION KNOWN AS TIMBERLAKE, SECTION FOUR, ACCORDING TO A PLAT OF THE SAME DULY RECORDED IN BOOK OF PLATS 45, PAGE 33, CUMBERLAND COUNTY REGISTRY.

THIS CONVEYANCE IS MADE SUBJECT TO THAT DEED OF TRUST RECORDED IN BOOK 4117, PAGE 63 AND RE-RECORDED IN BOOK 4128, PAGE 263, CUMBERLAND COUNTY REGISTRY. IN ACCEPTING THIS DEED, THE GRANTEES HEREIN, AS PART OF THE CONSIDERATION FOR THIS TRANSFER, HEREBY ASSUME ALL OBLIGATIONS OF THE NOTE AND DEED OF TRUST REFERRED TO ABOVE AND FURTHER AGREE TO INDEMNIFY THE DEPARTMENT OF VETERANS AFFAIRS TO THE EXTENT OF ANY CLAIM ARISING FROM THE GUARANTY OR INSURANCE OF SAID LOAN INDEBTEDNESS.

N.C. Bar Assoc. Form No. 3 © 1977
Printed by Agreement with the N.C. Bar Assoc.
#003

The property hereinabove described was acquired by Grantor by instrument recorded in Book 3738, Page 310.

A map showing the above described property is recorded in Plat Book 45, Page 33 .

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:

**1995 AD VALOREM TAXES NOT YET DUE AND PAYABLE.**
**RESTRICTIVE COVENANTS, EASEMENTS AND RIGHT-OF-WAYS AS THEY APPEAR OF RECORD.**

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

______________________ (Corporate Name)

By: ______________________

______________________ President

ATTEST:

______________________

______________________ Secretary (Corporate Seal)

USE BLACK INK ONLY

______________________ (SEAL)
JOHN J. SIXTA

______________________ (SEAL)
LISA SIXTA

______________________ (SEAL)

______________________ (SEAL)

SEAL-STAMP

THERESA L. WILLIAMS NOTARY PUBLIC CUMBERLAND COUNTY, N.C.

USE BLACK INK ONLY

NORTH CAROLINA, Cumberland County.
I, a Notary Public of the County and State aforesaid, certify that JOHN J. SIXTA AND WIFE, LISA SIXTA Grantor, personally appeared before me this day and acknowledged the execution of the foregoing instrument. Witness my hand and official stamp or seal, this 16 day of May, 1995.

My commission expires: 11/06/1996

Theresa L. Williams Notary Public

---

SEAL-STAMP

USE BLACK INK ONLY

NORTH CAROLINA, Cumberland County.
I, a Notary Public of the County and State aforesaid, certify that , personally came before me this day and acknowledged that he/she is ________ Secretary of , a North Carolina corporation, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by its ________ President, sealed with its corporate seal and attested by him/her as its ________ Secretary. Witness my hand and official stamp or seal, this ___ day of ______________, 19__.

My commission expires: 11/06/1996

______________________ Notary Public

---

The foregoing Certificate(s) of Theresa L. Williams

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

GEORGE B. TATUM REGISTER OF DEEDS FOR CUMBERLAND COUNTY.

By [signature] Deputy/Assistant - Register of Deeds

N.C. Bar Assoc. Form No. 3 © 1977
Printed by Agreement with the N.C. Bar Assoc.
#003

BK5800PG725



33346



CUMBERLAND COUNTY NC 07/26/2002 $180.00

STATE OF NORTH CAROLINA Real Estate Excise Tax

RECEIVED
7-26-2002 PM 4:25:50
GEORGE E. TATUM
REGISTER OF DEEDS
CUMBERLAND CO., N.C.

## NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: $ 180.00 #540-FW

Parcel Identifier No. 0404 64 2071 Verified by ______ County on the ____ day of ______, 20__
By: ______

Mail/Box to: McCoy, Weaver, Wiggins, Cleveland & Raper, 202 Fairway Drive, Fayetteville, NC 28305

This instrument was prepared by: McCoy, Weaver, Wiggins, Cleveland & Raper, 202 Fairway Drive, Fayetteville, NC 28305

Brief description for the Index: LT 141, SEC 4, TIMBERLAKE

THIS DEED made this 26th day of July, 20 02, by and between

| GRANTOR | GRANTEE |
|---|---|
| Robert L. Berthiaume and wife,<br>Jacqueline Berthiaume | Michael G. Waguespack and wife,<br>Barbara J. Waguespack<br>5908 Pentegon Court<br>Hope Mills, NC 28348<br>Mailing address: 5904 Pentagon Ct., Hope Mills, NC 28348 |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of Hope Mills, ______ Township, Cumberland County, North Carolina and more particularly described as follows:

BEING ALL OF LOT NO. 141, IN A SUBDIVISION ENTITLED "TIMBERLAKE, SECTION FOUR" ACCORDING TO A PLAT OF THE SAME DULY RECORDED IN BOOK OF PLATS 45, PAGE 33, CUMBERLAND COUNTY, NORTH CAROLINA REGISTRY.

The property hereinabove described was acquired by Grantor by instrument recorded in Book ______ page ______.

A map showing the above described property is recorded in Plat Book 45 page 33.

NC Bar Association Form No. L-3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981 SoftPro Corporation, 333 E. Six Forks Rd., Raleigh, NC 27609



TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions: Easements, restrictions and rights of way of record. Any applicable zoning rules, regulations or ordinances.

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

_______________ (Entity Name)

By: _______________
Title: _______________

By: _______________
Title: _______________

By: _______________
Title: _______________

Robert L. Berthiaume (SEAL)

Jacqueline Berthiaume (SEAL)

_______________ (SEAL)

_______________ (SEAL)

State of North Carolina - County of Cumberland

I, the undersigned Notary Public of the County and State aforesaid, certify that Robert L. Berthiaume and wife, Jacqueline Berthiaume personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Witness my hand and Notarial stamp or seal this 26th day of July, 2002.

My Commission Expires: October 8, 2004

FRIEDA HUGHES NOTARY PUBLIC CUMBERLAND COUNTY, NC EXP. 10-08-2004

Notary Public FRIEDA S. HUGHES

State of North Carolina - County of _______________

I, the undersigned Notary Public of the County and State aforesaid, certify that _______________ personally came before me this day and acknowledged that _he is the _______________ of _______________, a North Carolina or _______________ corporation/limited liability company/general partnership/limited partnership (strike through the inapplicable), and that by authority duly given and as the act of such entity, _he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this ____ day of _______________, 20__.

My Commission Expires: _______________

_______________ Notary Public

State of North Carolina - County of _______________

The foregoing Certificate(s) of Frieda S. Hughes

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

GEORGE E. TATUM REGISTER OF DEEDS FOR CUMBERLAND COUNTY.

By _______________ Deputy/Assistant - Register of Deeds

_______________ Register of Deeds for _______________ County

By: _______________ Deputy/Assistant - Register of Deeds

NC Bar Association Form No. L-3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981 SoftPro Corporation, 333 E. Six Forks Rd., Raleigh, NC 27609

BK6377PG193



71056

RECEIVED
12-17-2003 PM 4:15:22
J. LEE WARREN JR.
REGISTER OF DEEDS
CUMBERLAND CO., N.C.

Revenue $ -0-

Tax Lot No.__________ Parcel Identifier No. 0404-63-4834
Verified by __________ County on the _____ day of __________, _____
by__________

Mail after recording to **K. Douglas Barfield**
**2018 FT BRAGG ROAD, STE 110, FAYETTEVILLE, NC 28303**

This instrument was prepared by K. Douglas Barfield, ***TITLE NOT EXAMINED***

**Lot 139, Timberlake, Section IV**

# NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made this 11th day of December, 2003.

| GRANTOR | GRANTEE |
|---|---|
| Larry D. Johnson | Michael Waguespack<br><br>Property: 5902 Pentagon Court<br>Hope Mills, NC 28348 |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

**WITNESSETH**, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated near the City of Fayetteville, Rockfish Township, Cumberland County, North Carolina and more particularly described as follows:

**Being all of Lot No. 139 in a subdivision known as Timberlake, Section IV, according to a plat of same duly recorded in Book of Plats 45, Page 33, Cumberland County Registry, North Carolina.**

The property hereinabove described was acquired by Grantor by instrument recorded in Book **5343 Page 69.**
A map showing the above described property is recorded in Plat Book **45** Page **33**.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:

**Ad Valorem Taxes Restrictive Covenants and Easements appearing in the aforesaid registry.**

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing instrument as of the day and year written.

Larry D. Johnson (Seal)

North Carolina
Cumberland County

I, Judith L. Wood, a Notary Public of Cumberland County and State do hereby certify Larry D. Johnson personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and Notarial Seal, this the 12th day of December, 2003.

My Commission Expires: 3/30/07

Notary Public

JUDITH L. WOOD NOTARY PUBLIC CUMBERLAND COUNTY, N.C.

The foregoing Certificate(s) of Judith L. Wood

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

J. LEE WARREN, JR. REGISTER OF DEEDS FOR CUMBERLAND COUNTY.

By Neita M. Dail Deputy/Assistant - Register of Deeds

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

AFFIDAVIT

**A. Background**

1. I, Timothy G. Gannon, am a Special Agent with the Federal Bureau of Investigation (FBI). I am assigned to the Charlotte, North Carolina (NC) Field Office with duty in the Fayetteville Resident Agency. I have been a Special Agent with the FBI since May 1989, and have participated in numerous federal investigations, including what are commonly referred to as "white collar crimes." White collar crimes include economic crimes, such as fraud, including mail fraud and wire fraud, gambling and money laundering. I am your Affiant herein.

2. This Affidavit is submitted as evidence of probable cause supporting the application for civil forfeiture of various personal and real property seized or planning to be seized in Cumberland County, NC, from Michael and Barbara Waguespack, doing business as (dba) Funtime Amusements, Inc. The information contained herein comes from my own investigation, as well as that of other law enforcement agencies.

3. In the course of prior criminal investigations, I have become familiar with illegal gambling businesses as



GOVERNMENT EXHIBIT D

described in Title 18, United States Code (USC), Section 1955, and the laundering of monetary instruments as described in Title 18, USC, Section 1956. Affiant believes that probable cause exists that Funtime Amusements, Inc., and Michael Waguespack have violated those provisions of the US Code.

**B. Funtime Amusements, Inc.**

1. Per the NC Secretary of State's Website, Funtime Amusements, Inc., is a corporation organized and existing under the laws of the State of NC with its principal place of business in Cumberland County, NC. As of May 15, 2006, the corporation is listed as active with a formation date of January 17, 2002. The registered agent is listed as Michael Waguespack with an office address of 5904 Pentagon Court, Hope Mills, NC.

2. Michael Waguespack is also the registered agent for E-Z Mini Storage, Inc. and Carolina Twins, LLC. E-Z Mini Storage, Inc. is listed as an active corporation with a formation date of August 28, 2003, with an office address of 5904 Pentagon Court, Hope Mills, NC. Carolina Twins, LLC is an active Limited Liability Company formed on February 20, 2004, with an office address listed as 5904 Pentagon Court, Hope Mills, NC. On the annual report for Carolina Twins filed October 18, 2005, the nature of the business is listed as "Apartment Management."

3. Based upon investigation conducted by the Cumberland County Sheriff's Office (CCSO) and the NC Alcohol Law Enforcement (ALE), probable cause exists that Funtime Amusements, Inc. established, continued, maintained, used, owned and leased to others, video gaming machines, including video poker and similar machines throughout Cumberland County and other counties in NC.

4. Funtime Amusements, Inc. failed to comply with the requirements of Chapter 14 of the NC General Statutes in that the investigation determined that said video gaming machines are capable, on a single hand of play, of awarding credits having a value in excess of ten dollars. Investigation also determined that said video gaming machines allow more than eight credits to be wagered on a single play. Investigation also determined that said video gaming machines were operated without the proper registering of machines in the county of operation as required by NC state law.

5. Investigation also determined that Funtime Amusements, Inc. acquired and leased out illegal video gaming machines to other business entities in Cumberland County, NC, and elsewhere.

6. Funtime Amusements, Inc. and the enterprise involving the illegal video gaming machines involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of the business. Funtime Amusements, Inc.

and the illegal video gaming machines have been operating at least since April 2003 (a period exceeding 30 days).

C. **Undercover Investigation**

1. Since at least April 2003, the CCSO and ALE have engaged in an undercover investigation targeting Funtime Amusements, Inc. In support of a separate legal proceeding, Affidavits were completed by several law enforcement officers that outline their contact with Funtime Amusements, Inc. and their illegal video gaming machines.

2. In an Affidavit completed on April 20, 2006, by ALE Agent S. D. Ashley, he stated that between April 2003 and June 2004 he worked in an undercover capacity in Cumberland County, NC, investigating illegal video gaming operations. During the course of the investigation he came to know the vendors of the gaming machines, including Funtime Amusements, Inc. The machines he observed that were owned by Funtime Amusements, Inc. were illegal under NC law in that they were capable, on a single hand of play, of awarding wins exceeding the legal $10 limit. Funtime coupons were issued with a face value exceeding $10. Agent Ashley exchanged and observed others exchange these Funtime coupons for US currency on at least 50 occasions, including a cash award exceeding $2,000. Agent Ashley attached to his Affidavit a list of dates, locations, addresses and payoff amounts from approximately 20 different locations in Cumberland County, NC.

3. In an Affidavit completed on April 26, 2006 by ALE Agent C. S. Poole, he stated that between November 2005 and January 2006 he had worked in an undercover capacity in Cumberland County, NC, investigating illegal video gaming operations. During the course of the investigation he observed video gaming machines owned by Funtime Amusements, Inc. that were capable, on a single hand of play, of awarding wins exceeding the legal $10 value. Agent Poole played the machines and was awarded Funtime coupons that could be traded for cash. He exchanged and observed others exchange Funtime coupons on at least eight occasions, including a cash award exceeding $50. Agent Poole attached to his Affidavit a list of dates, locations, addresses, and payoff amounts from eight locations in Cumberland County, NC.

4. In an Affidavit completed on April 20, 2006, by ALE Agent R. B. Putnam, he stated that during February 2004, he participated in covert surveillance of Michael Waguespack and other employees of Funtime Amusements, Inc. His surveillance included three residences located at 5902, 5904 and 5908 Pentagon Court, Hope Mills (Cumberland County), NC. During the surveillance, Agent Putnam observed Waguespack and other employees conduct various business activities in support of Funtime Amusements, Inc. at these locations, to include movement and loading of video gaming machines. During the surveillance, persons routinely walked to and from each of the three houses.

5. In an Affidavit completed on April 26, 2006, by CCSO Detective B. E. Hyde, he stated that he was the county official responsible for maintaining the registration records for all video gaming machines in Cumberland County, NC. He determined that video gaming machines owned and registered by Funtime Amusements, Inc. were in various and numerous businesses located in Cumberland County, NC. The official registration records showed that Barbara Waguespack notarized most of the video gaming registration forms submitted to the CCSO by Michael Waguespack. He has observed and examined video gaming machines owned by Funtime Amusements, Inc. and found them to be in violation of NC law in the manner of payoffs exceeding $10 in value. He has also seen machines in businesses throughout Cumberland County, NC, that bear an ownership label from Funtime Amusements, Inc. that are not registered with the CCSO as required by law. Detective Hyde also stated that he has discussed with a confidential source that Michael Waguespack has told the source that the video poker machines take in at least $300 per machine per week and that he has at least 300 illegal video poker machines (half registered and the other half not registered) throughout Cumberland and surrounding counties.

**D. <u>Searches/Raids</u>**

1. On April 28, 2006, the CCSO and ALE conducted approximately 20 state search warrants of residences and businesses in Cumberland County, NC.

2. During the conduct of the searches and followup investigation, at least 103 video poker machines were seized in Cumberland County.

3. During the execution of a search warrant at 5908 Pentagon Court, Hope Mills, NC, it was discovered that this house, next door to Waguespack's primary residence, was being used as the "office" for Funtime Amusements, Inc. In a series of safes and containers in the garage and house area, a total of $996,939.37 in cash was seized. Also located and seized were numerous documents concerning the Funtime Amusements, Inc. business.

4. According to Cumberland County, NC tax records, 5908 Pentagon Court was purchased in July 2002 by Michael and Barbara Waguespack for $90,000. There does not appear to be a lien on the property.

5. During the search warrant at 5902 Pentagon Court, Hope Mills, NC, numerous gaming machines and automated teller machines (ATM) were found stored in the garage.

6. According to Cumberland County, NC tax records, 5902 Pentagon Court was purchased by Michael and Barbara Waguespack in December 2003 for an undetermined amount of money. There does not appear to be a lien on the property.

7. During the search warrant at 5904 Pentagon Court, the primary residence of Michael and Barbara Waguespack, numerous documents/paperwork pertaining to Funtime Amusements, Inc. were seized from the residence.

8. Affiant has personally visited the three locations on Pentagon Court and observed them to be three consecutive houses with the primary residence in the middle.

9. Also seized during a search warrant on April 28, 2006, at Draughon's Supermarket on Highway 24 in Cumberland County, NC was $8,151 in currency where video gaming machines belonging to Funtime Amusements, Inc. were located and operated.

10. Also seized during a search warrant at Travelers, also known as Mo's, a convenience store at 3209 Cedar Creek Road in Cumberland County, NC, was $22,112 in US currency where video gaming machines owned by Funtime Amusements, Inc. were located and operated.

**E. <u>Affidavit of Michael Waguespack</u>**

1. On April 28, 2006, while the search warrants were being conducted, Michael Waguespack was interviewed at his residence by ALE agents Chris Poole and Rodney Johnson. At the conclusion of the interview, Waguespack signed a notarized Affidavit.

machines and give some merchandise. I really do not want to know."

g) "I am the only person in my house who works and this is the only income coming in to support the family."

h) "I own the house located at 5908 Pentagon Court, Hope Mills. I use the garage at this location to store video gaming machines and ATM machines. I know the poker machines stored in the garage are not stored within the law."

i) "I own the house located 5908 Pentagon Court, Hope Mills. I use this house for my office for Funtime Amusement Company."

j) "I have took money made from poker machines and invested the money into the purchase of ATM machines and other ventures within Funtime Amusement Company."

k) "My books for Funtime Amusement Company reflect money made from ATM machines and video poker machines."

l) "I make into agreements with retailers to place video gaming machines in their locations.



Case 5:06-cv-00215-FL Document 1 Filed 05/26/06 Page 20 of 25

2. In that Affidavit, Waguespack stated the following:

a) "I own and operate Funtime Amusements, Inc. I own approximately 150 video gaming machines."

b) "The video gaming machines are placed in locations throughout Cumberland County, Hoke County and Robeson County."

c) "Funtime Amusements profits around one million dollars per year. 70% of the profits are from proceeds from video gaming machines."

d) I profit approximately $60,000.00 per month from video gaming machines and $25,000.00 per month from ATM machines. All money made from poker machines and ATM machines is deposited into the bank together at BB&T."

e) "I know my video gaming machines are capable or (sp) awarding more than ten dollars in credits in one single hand of play, but the machine only gives the player a coupon for a ten dollar credit."

f) "I know some retail business (sp) payout cash for credits won from playing video gaming

Sometimes they pay me $100 per week per machine and sometimes it is a split of money after prizes or cash payouts are conducted."

m) "All of my employees have collected money from the poker machines and worked on the machines in the past."

n) I have done a poor job of tracking the poker machines in the past couple of years, due to Funtime Amusement Company got larger and I have not hire (sp) enough employees to do the work. I know some of the poker machines are in locations and the proper paper work has not been conducted. This is my fault."

o) "I purchased my first video poker machine in 2000 charging it to a credit card. My first year, I purchased approximately 25 poker machines and each year I have got larger. My company has got larger than I thought. I have invested money made from Funtime Amusement into purchasing other poker machines."

p) "Since 2000, Funtime Amusement has taken in over one million dollars from video gaming machines alone. About $500,000 in the safe is in part from video gaming machine income and the other is ATM money."

3. Waguespack also lists Larry Page, Jr., Steve Johnson, Tim Craig, Jane Page, and Jimmy Money as employees of Funtime Amusements, Inc.

**F. <u>Summary of Probable Cause</u>**

1. Based upon the investigation, search warrants, seizures of over 100 video gaming machines and large sums of cash, and Waguespack's statement, Affiant believes that probable cause exists that Michael Waguespack, dba Funtime Amusements, Inc. has been operating an illegal gambling business as defined in Title 18, US Code, Section 1955. Per the provisions of Title 18, US Code, Section 1955 (d), "all property, including money, used in violation of this section may be seized and forfeited to the US."

2. Affiant further believes that probable cause exists that Michael Waguespack, dba Funtime Amusements, Inc. has commingled monies from legal activities and illegal activities into the same accounts and operations.

3. Affiant further believes that probable cause exists that Michael Waguespack, dba Funtime Amusements, Inc. has used proceeds from his illegal gambling business, a "specified unlawful activity", to launder monetary instruments through various financial transactions in order "to promote the carrying on of the specified unlawful activity" or "to conceal or disguise the nature, the


Case 5:06-cv-00215-FL Document 1 Filed 05/26/06 Page 23 of 25

location, the source, the ownership, or the control of the proceeds of specified unlawful activity" in violation of Title 18, US Code, Section 1956.

4. Affiant believes that the 103 video gaming machines belonging to Funtime Amusements, Inc. seized in April 2006 were used to facilitate the illegal gambling business and many machines were purchased with proceeds of the illegal gambling operation.

5. Affiant believes that the properties at 5908, 5904, and 5902 Pentagon Court, Hope Mills, NC, also facilitated the running of the illegal gambling business. Affiant believes that the properties at 5908 and 5902 Pentagon Court were purchased during the scope of the illegal gambling operation to further or promote the illegal gambling business and were purchased all or in part with the proceeds of the illegal gambling operation of Funtime Amusements, Inc.

6. All monies seized on April 28, 2006, from 5908 Pentagon Court, Draughon's Supermarket, and Mo's convenience store represent proceeds of the illegal gambling operation.

**G. <u>Conclusion</u>**

1. The described personal and real property is subject to civil forfeiture as the fruits and


Case 5:06-cv-00215-FL Document 1 Filed 05/26/06 Page 24 of 25

instrumentalities of violations of Title 18, USC, Section 1955 and 1956.

2. Affiant respectfully requests that an order of forfeiture be issued authorizing the forfeiture of the personal and real property fully described in Attachment A.

5/25/06

Timothy G. Gannon
Special Agent
FBI



Case 5:06-cv-00215-FL Document 1 Filed 05/26/06 Page 25 of 25